COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

June 29, 2015

Lisa Keil Cartwright, Esquire
Atlantic Law Group, LLC
913 N. Market Street, Suite 1011
Wilmington, DE 19801

Bryan J. Oneschuk
22 Gene Avenue
New Castle, DE 19720

RE:   Nationstar Mortgage LLC d/b/a Champion Mortgage Company v. Bryan J.
      Oneschuk, Personal Representative of the Estate of Mary Jean Oneschuk,
      Edward J. Oneschuk, Jr., Heir, Kenneth J. Oneschuk, Heir, Michael J.
      Oneschuk, Heir, and Bryan J. Oneschuk, Heir
      C.A. No. 9434-MA

Dear Counsel and Mr. Oneschuk:

Pending before me is a motion for summary judgment filed by Nationstar

Mortgage LLC d/b/a Champion Mortgage Company (hereinafter "Nationstar") in

its *in rem* foreclosure complaint against Brian Oneschuk, personal representative of

the Estate of Mary Jean Oneschuk, Edward J. Oneschuk, Jr., heir, Kenneth J.

Oneschuk, heir, Michael J. Oneschuk, heir and Bryan J. Oneschuk, heir.  For the

reasons that follow, I recommend that the Court grant summary judgment in favor

of Nationstar in the amount of $152,586.39 plus interest after August 13, 2014, and additional fees and costs that have accrued.

The record shows that on July 18, 2008, Mary Jean Oneschuk executed and delivered to Wilmington Savings Fund Society, FSB (hereinafter "WSFS") a promissory note in the original principal amount of $270,000. The note was secured by a mortgage on real property owned by Mary Jean Oneschuk at 22 Gene Avenue, New Castle, Delaware, 19720. Thereafter, WSFS assigned its interest in the mortgage to EverBank Reverse Mortgage LLC, which in turn assigned its interest in the mortgage unto Plaintiff. The mortgage is a reverse mortgage. On September 17, 2012, Mary Jean Oneschuk passed away, leaving the real property to her heirs, Bryan J. Oneschuk, Edward J. Oneschuk, Kenneth J. Oneschuk, and Michael J. Oneschuk. The Estate of Mary Jean Oneschuk was notified of the mortgage default by certified letter dated December 2, 2013. As of November 30, 2013, the amount of debt was $147,908.87 plus interest, fees and costs. On March 11, 2014, Nationstar filed this *in rem* foreclosure action against Bryan J. Oneschuk, the personal representative of the Estate of Mary Jean Oneschuk, and the four individual heirs, to foreclose a mortgage not under seal as to real property located at 22 Gene Avenue in New Castle, Delaware. Bryan filed an answer to the complaint, admitting that his mother signed a reverse mortgage and might owe something, but that neither he nor his brothers owe Nationstar any money. In

addition, Bryan alleges that he has been trying to buy the real property from the mortgage company since September 2013, to no avail. He requests that the Court dismiss the complaint, determine the mortgage to be unenforceable, deny the entry of judgment against any defendant, disallow attorney fees or costs, and disallow any foreclosure sale of the property.

Nationstar has moved for summary judgment. Attached to its motion is the affidavit of Nationstar's counsel attesting that as of August 14, 2014, $152,586.39 was due on the mortgage plus interest after August 13, 2014 at the rate of 1.59% per month, plus reasonable attorney fees of $13,969.05 at 5% of principal and interest. In response, Bryan again denies that he or his brothers owe any money to Nationstar. He offers to pay the fair market value of the property to the Plaintiff, but not the loan balance because he claims that the real property is not worth what is owed on the mortgage. Bryan requests that the motion for summary judgment be denied and the foreclosure action dismissed.

In reviewing a motion for summary judgment, the Court examines the record to determine whether genuine issues of material fact exist and to determine whether the moving party is entitled to judgment as a matter of law.[1] The burden is on the moving party to demonstrate that no issues of material fact are in dispute and that the moving party is entitled to judgment as a matter of law. If the movant

---

[1] Court of Chancery Rule 56(c)

supports its claims, then the burden shifts to non-moving party to dispute the facts by affidavit or similar proof.[2]

The adjustable rate mortgage executed by Mary Jean Oneschuk provided for the acceleration of debt, i.e., the immediate payment in full of all sums secured by the mortgage, if the borrower died and the property was not the principal residence of at least one surviving borrower. The record is undisputed that Mary Jean Oneschuk was the sole borrower and that she died on September 17, 2012. Therefore, Nationstar was entitled to accelerate the debt and demand immediate payment. That a debt is owed by the Estate of Mary Jane Oneschuk is not disputed. It is irrelevant that neither Bryan nor his three brothers owe any money to Nationstar. They are not the mortgagor, and a defense to a mortgage foreclosure action is limited to defenses to the mortgagor's obligation under the mortgage.[3] Since Nationstar has demonstrated that the mortgage was properly accelerated and that the default has not been cured, Nationstar is entitled to judgment in its favor as a matter of law.

In its reply, Nationstar asserts that attached to Bryan's Answer was a recorded copy of a deed executed by the individual heirs of the Estate of Mary Jean Oneschuk and the personal representative, granting title to the real property to

---

[2] *See Tanzer v. International Gen. Indus., Inc.*, 402 A.2d 382 (Del. Ch. 1979).
[3] *See McCafferty v. Wells Fargo Bank, N.A.,* 2014 WL 7010781, at *2 (Del. Dec. 8, 2014) (footnote omitted).

Bryan. The Court has no record of this document. I recommend, therefore, that when this report becomes final, Nationstar be permitted to file an Amended Complaint, with a copy of the recorded deed attached thereto, in order to proceed against Bryan, as personal representative of the Estate of Mary Jean Oneschuk, and as legal title owner of the property.

In conclusion, I recommend that the Court grant summary judgment in favor of Nationstar in this *in rem* foreclosure action. I am waiving a draft report, and referring the parties to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz
cc:  Edward J. Oneschuk, Jr.
     Kenneth J. Oneschuk
     Michael J. Oneschuk
     Secretary of Housing and Urban Development